UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

_____

DEBBIE ROHN; and DEAN ROHN;

        Plaintiffs,

v

VIACOM INTERNATIONAL, INC.;
ZAZZLE, INC.; CAFEPRESS, INC.;
ETSY, INC.; GILT GROUPE, INC.;
GOODIES FOR KIDDIES; GENESCO, INC.;
KMART HOLDING CORP.;
KOHL'S DEPARTMENT STORE, INC;
NEXTAG, INC.; SEARS, ROEBUCK & CO.;
SHOPZILLA, INC.; and TARGET CORPORATION;

        Defendants.
_____

File No. 1:14-cv-00083-JTN

Hon. Janet T. Neff

# **PLAINTIFFS' RESPONSE TO DEFENDANTS ZAZZLE, INC. AND GILT GROUPE, INC'S MOTION FOR A MORE DEFINITE STATEMENT**

**CONCISE STATEMENT OF PLAINTIFFS' POSITION**

Defendants Zazzle, Inc. ("Zazzle") and Gilt Groupe, Inc. ("Gilt") say that Plaintiff's Second Amended Complaint (Dkt 83) is so vague and ambiguous that Zazzle and Gilt "are unable to reasonably prepare a response". (Defendants' Motion, at 1-2; Dkt 104.)

The Second Amended Complaint is adequately clear, although Plaintiff's counsel offered to defense (for Zazzle and Gilt) – before they filed the instant Motion – to amend the complaint yet again, to include in parentheses after each reference to "Defendants" the names of each defendant to whom the allegation applies. Not satisfied with that offer – which is more than Zazzle and Gilt are entitled to – Defendants filed the instant Motion.

Plaintiffs respectfully ask the Court to deny the Motion.

**ARGUMENT**

**I.     Introduction.**

Plaintiffs Debbie and Dean Rohn, wife and husband, own two trademark registrations for the mark GUPPIE in connection with clothing (one word mark and one logo mark, each depicted below).[1]

GUPPIE    

---

[1]     Second Amended Complaint (Dkt 83), ¶¶ 63-64.

Zazzle operates a family of websites which, among other things, allow users to create custom-made goods and sell these goods to other users, including at its website, www.zazzle.com. Similarly, Gilt operates a family of websites which, among other things, allow users to buy designer clothing, including at its website, www.gilt.com.

II. **The Second Amended Complaint is Clear, Adequate, and Complies with the Federal Rules of Civil Procedure.**

Federal courts require notice pleading. "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (quoting *In re Plywood Antitrust Litigation,* 655 F.2d 627, 641 (5th Cir. 1981), *cert. dismissed*, 462 U.S. 1125, 103 S.Ct. 3100, 77 L.Ed.2d 1358 (1983)), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985).

Here, Plaintiffs's Second Amended Complaint (amended because the original Complaint was too verbose, Defendants argued) includes three straightforward counts:

- Count I: Trademark Infringement (15 U.S.C. § 1114)
- Count II: False Designation of Origin (15 U.S.C. § 1125(a))
- Count III: Unfair Competition (M.C.L. 445.903)

### Count I: Trademark Infringement

Plaintiffs allege, in pertinent part, that:

"82. Defendants' unauthorized use of BUBBLE GUPPIES and other GUPPIES-related mark constitutes trademark infringement in violation of 15 U.S.C. §

1114.

83. The willful and intentional nature of Defendants' trademark infringement makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

84. As a direct and proximate result of Defendants' trademark infringement, Plaintiffs have suffered damages in an amount to be determined at trial.

85. As a direct and proximate result of Defendants' trademark infringement, Plaintiffs have also suffered, and will in the future suffer, irreparable injury to their business, reputation, and goodwill. Plaintiffs will suffer such irreparable injury unless and until Defendants' misconduct is enjoined by this Court.

86. All Defendants, acting individually and/or collectively, have violated Plaintiffs' rights under 15 U.S.C. § 1114, causing damages to Plaintiffs including but not limited to as described herein." (Dkt 83, ¶¶ 82-86.)

The allegations are clear: "All Defendants ... have violated Plaintiffs' rights ... causing damage to Plaintiffs." (Dkt 83, ¶ 86.) Plaintiffs do not understand why Defendants claim to have trouble answering this count: If Defendants maintain that they did not violate Plaintiffs' rights as alleged, then the answer requires a simple denial. If Defendants admit that they did violate Plaintiffs' rights, then Defendants can simply admit as much.

Defendants' complain that following paragraphs 5 and 8 of the Second Amended Complaint Plaintiffs do not include a "single [specific] reference to Zazzle or Gilt", instead using the phrase "Defendants" or "All Defendants". But the allegations are clear: All means all. Again, if Defendants maintain that they did not violate any of Plaintiffs' rights, all that is required is a simple denial. Whether Zazzle and Gilt have different business models or whether they are not mega retailers like, say, Target, is irrelevant: Zazzle and Gilt either did or did not (they will claim) violate Plaintiffs' rights.

### Count II: False Designation of Origin

Similarly, Plaintiffs allege in Count II, in pertinent part, that:

"90. Defendants' unauthorized use of BUBBLE GUPPIES suggests that Defendants and their offerings are connected with, sponsored by, affiliated with, or related to GUPPIE or GUPPIE KIDS, or that GUPPIE or GUPPIE KIDS and Plaintiffs' offerings are connected with, sponsored by, affiliated with, or related to Defendants.

91. Defendants' unauthorized use of Viacom's BUBBLE GUPPIES mark and its related offerings constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

92. The willful and intentional nature of Defendant Viacom's false designation of origin makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

93. As a direct and proximate result of this false designation of origin, Plaintiffs have suffered damages in an amount to be determined at trial.

94. As a direct and proximate result of Defendants' false designation of origin, Plaintiffs have also suffered, and will in the future suffer, irreparable injury to their business, reputation, and goodwill. Plaintiffs will suffer such irreparable injury unless and until Defendants' misconduct is enjoined by this Court." (Dkt 83, ¶¶ 90-94.)

Again, the allegations are clear, and create neither ambiguity nor confusion nor difficulty for Defendants' counsel to answer them.

### Count III: Unfair Competition

Here, as in Counts I and II, Plaintiffs' allegations are clearly laid out:

"96. Defendants' conduct, including its unauthorized use of its BUBBLE GUPPIES mark and related merchandising, marketing, and other commercial efforts, causes a probability of confusion or misunderstanding as to the source, sponsorship, or approval of goods or services, in violation of the Michigan Consumer Protection Act, Michigan Compiled Laws section 445.903.

97. Defendants' conduct is unlawful, unfair, and/or fraudulent.

98. As a result of this unfair competition, Plaintiffs have suffered and will in the future suffer damages in an amount to be determined at trial.

99. As a direct and proximate result of this unfair competition, Plaintiffs have also suffered, and will in the future suffer, irreparable injury to their business, reputation, and goodwill. Plaintiffs will suffer such irreparable injury unless and until Defendants' misconduct is enjoined by the Court." (Dkt 83, ¶¶ 96-99.)

## **RELIEF REQUESTED**

Plaintiffs respectfully ask the Court to deny the Motion.


Dated: September 26, 2014                    ___ /s/ Thomas H. Blaske ___
                                             Thomas H. Blaske (P26760)
                                             John F. Turck IV (P67670)
                                             BLASKE & BLASKE, P.L.C.
                                             Attorneys for Plaintiffs
                                             500 South Main Street
                                             Ann Arbor, Michigan 48104
                                             (734) 747-7055
                                             thb@blaske.com
                                             jt4@blaske.com