UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

_____

DEBBIE ROHN; and DEAN ROHN;

        Plaintiffs,

v

VIACOM INTERNATIONAL, INC.;
ZAZZLE, INC.; CAFEPRESS, INC.;
ETSY, INC.; GILT GROUPE, INC.;
GOODIES FOR KIDDIES; GENESCO, INC.;
KMART HOLDING CORP.;
KOHL'S DEPARTMENT STORE, INC;
NEXTAG, INC.; SEARS, ROEBUCK & CO.;
SHOPZILLA, INC.; and TARGET CORPORATION;

        Defendants.
_____

File No. 1:14-cv-00083-JTN

Hon. Janet T. Neff

# PLAINTIFFS' MORE DEFINITE STATEMENT AS TO DEFENDANTS ZAZZLE, INC. AND GILT GROUPE, INC.

## INTRODUCTION

Plaintiffs submit this More Definite Statement as to Defendants Zazzle, Inc. ("Zazzle") and Gilt Groupe, Inc. ("Gilt"), pursuant to this Court's October 27, 2014 Order (Dkt 127). Plaintiffs understands that they should not repeat here everything that they have previously pled in their complaint and/or amended complaint, but rather provide a more definite statement as to their claims against Zazzle and Gilt.

## MORE DEFINITE STATEMENT

1. Plaintiffs incorporate by this reference all previous jurisdictional and venue references in her previously-filed complaint and amended complaint.

### As to Defendant Gilt Groupe, Inc.

2. In the late-winter or early-spring of 2013, Dean and Debbie Rohn went to Gilt's website and found various Bubble Guppies-branded articles of clothing sold there.[1]

3. In addition, they also found other online postings referring to Gilt's sale of Bubble Guppies apparel, including but perhaps not limited to the following screenshots:

---

[1] Plaintiffs thought they had captured screenshots of one or more of those sales listings, but thus far they have been unable to find any of them on their computer.

 

*A March 20, 2013 entry on Bubble Guppies's Facebook page, expressly referencing sale of Bubble Guppies apparel at Gilt's website.*

*Bubble Guppies's Facebook page, expressly displaying Gilt's logo.*

4. Plaintiffs believed then, and believe now, that those products and Gilt's offering of those products for sale were in violation of Plaintiffs' two trademarks.

5. As a result, on or about March 21, 2013 Dean and Debbie Rohn sent an e-mail to Gilt, notifying Gilt that:

> "Dear Gilt Representative,
>
> It has come to our attention that Bubble Guppies clothing items are being sold through Gilt on-line store. We have a Registered Trademark for "GUPPIE" (ie. #3711588, #3290738). We believe that using the Bubble Guppies name to sell clothing is a direct violation of our trademark rights and are asking Gilt to remove these items from any sales activities. If our request

>is not met, we will have to pursue legal action against your company. We appreciate your cooperation.
>You may contact us at the address or e-mail as listed above.
>
>Sincerly [sic] yours,
>Dean and Debbie Rohn
>March 21, 2013"

6. Meryl Rosen Bernstein, Gilt's assistant general counsel, responded to the Rohns by e-mail on March 22, 2013, informing them that, "In reviewing your claims, we do not believe that the name BUBBLE GUPPIES violates your intellectual property rights. ...", and that "Further, Gilt was authorized to sell this merchandise by the BUBBLE GUPPIES trademark holder, Viacom International Inc as well as Viacom's authorized licensee, American Marketing Enterprises. As such, any intellectual property claims relating to the BUBBLE GUPPIES mark should be directed to Viacom and American Marketing Enterprises."



7. Accordingly, Gilt rejected and denied the Rohns's claims of trademark infringement or other violation of the Rohns's rights and interests.

8. Upon information and belief, Gilt has sold Bubble Guppies-themed clothing on its website beginning not later than 2013 (and perhaps prior to then) without the Rohns's consent and otherwise in violation of the Rohns's intellectual property rights and interests.

9. Plaintiffs do not know what Gilt's gross sales of Bubble Gubbies-themed clothing has been, because they do not have access to that information.

10. Nevertheless, Plaintiffs believe that Gilt has sold various such items on its website, generating revenue for Gilt.

### COUNT I : TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)
### AS TO DEFENDANT GILT GROUPE, INC.

11. Plaintiffs reallege and incorporate by reference all of the above allegations.

12. The Rohns are the owners of two U.S. trademark registrations for their GUPPIE word mark and logo mark.

13. Defendant Gilt's sale of clothing and perhaps other items bearing the BUBBLE GUPPIES mark is likely to cause confusion, or to cause mistake, or to deceive. The parties' trademarks are very similar, and at least some of their offerings are closely related.

14. Defendant Gilt had actual or constructive knowledge of the Rohns' trademark rights not later than 2013, and perhaps even before then.

15. The Rohns have not consented to Defendant Gilt's sale of BUBBLE GUPPIES products and other actions and offerings. To the contrary, they have expressly objected to such use.

16. Defendant Gilt's unauthorized use of BUBBLE GUPPIES and other GUPPIES-related mark constitutes trademark infringement in violation of 15 U.S.C. § 1114.

17. The willful and intentional nature of Defendant Gilt's trademark infringement makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

18. As a direct and proximate result of Defendants Gilt's trademark infringement, Plaintiffs have suffered damages in an amount to be determined at trial.

19. As a direct and proximate result of Defendant Gilt's trademark infringement, Plaintiffs have also suffered, and will in the future suffer, irreparable injury to their business, reputation, and goodwill. Plaintiffs will suffer such irreparable injury unless and until Defendant Gilt's misconduct is enjoined by this Court.

20. Defendant Gilt has violated Plaintiffs' rights under 15 U.S.C. § 1114, causing damages to Plaintiffs including but not limited to as described herein.

### COUNT II: FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))
### AS TO DEFENDANT GILT GROUPE, INC.

21. Plaintiffs reallege and incorporate by reference all of the above allegations.

22. The Rohns are the owners of two U.S. trademark registrations for their GUPPIE word mark and logo mark.

23. Plaintiffs began using the GUPPIE mark prior to Defendant Gilt's use or sale of BUBBLE GUPPIES clothing or apparel.

24. Defendants Gilt's unauthorized use of BUBBLE GUPPIES suggests that Defendant Gilt and its offerings are connected with, sponsored by, affiliated with, or related to GUPPIE or

GUPPIE KIDS, or that GUPPIE or GUPPIE KIDS and Plaintiffs' offerings are connected with, sponsored by, affiliated with, or related to Defendant Gilt.

25. Defendant Gilt's unauthorized use of Viacom's BUBBLE GUPPIES mark and its related offerings constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

26. The willful and intentional nature of the false designation of origin makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

27. As a direct and proximate result of this false designation of origin, Plaintiffs have suffered damages in an amount to be determined at trial.

28. As a direct and proximate result of Defendant Gilt's false designation of origin, Plaintiffs have also suffered, and will in the future suffer, irreparable injury to their business, reputation, and goodwill. Plaintiffs will suffer such irreparable injury unless and until Defendants' misconduct is enjoined by this Court.

**COUNT III: UNFAIR COMPETITION**
**(M.C.L. 445.903)**
**AS TO DEFENDANT GILT GROUPE, INC.**

29. Plaintiffs reallege and incorporate by reference all of the above allegations.

30. Defendant Gilt's conduct, including its unauthorized use of its BUBBLE GUPPIES mark and related merchandising, marketing, and other commercial efforts, causes a probability of confusion or misunderstanding as to the source, sponsorship, or approval of goods or services, in violation of the Michigan Consumer Protection Act, Michigan Compiled Laws section 445.903.

31. Defendant Gilt's conduct is unlawful, unfair, and/or fraudulent.

32. As a result of this unfair competition, Plaintiffs have suffered and will in the future suffer damages in an amount to be determined at trial.

33. As a direct and proximate result of this unfair competition, Plaintiffs have also suffered, and will in the future suffer, irreparable injury to their business, reputation, and goodwill. Plaintiffs will suffer such irreparable injury unless and until Defendant Gilt's misconduct is enjoined by the Court.

### As to Defendant Zazzle, Inc.

34. On February 10, 2013 Plaintiff Dean Rohn e-mailed Zazzle regarding what Plaintiffs believed were infringing goods for sale on Zazzle's website.

35. An employee named Elisabeth (from Zazzle's Content Management Team) replied on February 11.

36. Mr. Rohn e-mailed Elisabeth on April 2 to follow up on information Elisabeth had requested regarding Plaintiffs' claims of infringement, and noted that "The clothing currently being used is T-shirts and Hoodies with Bubble Guppies printed on them and is being sold on the Nick Jr. on-line store powered by Zazzle", and included a URL.

37. Mr. Rohn also noted that, "I believe the clothing items being sold on the listed web-site are in violation of my Trademark rights and were never autorized [sic] by me to be sold. I am asking that these items be removed from the site." Mr. Rohn also included the Rohns's trademark registration numbers.

38. Plaintiffs believe that Zazzle has sold various Bubble Guppies-branded clothing or other apparel, both prior to and after 2013, in violation of the Rohns's intellectual property rights and interests.

39. Indeed, in December 2009 and also in August 2010 Plaintiffs notified Zazzle, by e-mail, of their belief that one or more infringing products were offered for sale on the Zazzle website.

### COUNT IV: TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)
### AS TO DEFENDANT ZAZZLE, INC..

40. Plaintiffs reallege and incorporate by reference all of the above allegations.

41. The Rohns are the owners of two U.S. trademark registrations for their GUPPIE word mark and logo mark.

42. Defendant Zazzle's sale of clothing and perhaps other items bearing the BUBBLE GUPPIES mark is likely to cause confusion, or to cause mistake, or to deceive. The parties' trademarks are very similar, and at least some of their offerings are closely related.

43. Defendant Zazzle had actual or constructive knowledge of the Rohns' trademark rights not later than 2009, and perhaps even before then.

44. The Rohns have not consented to Defendant Zazzle's sale of BUBBLE GUPPIES products and other actions and offerings. To the contrary, they have expressly objected to such use.

45. Defendant Zazzle's unauthorized use of BUBBLE GUPPIES and other GUPPIES-related mark constitutes trademark infringement in violation of 15 U.S.C. § 1114.

46. The willful and intentional nature of Defendant Zazzle's trademark infringement makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

47. As a direct and proximate result of Defendants Zazzle's trademark infringement, Plaintiffs have suffered damages in an amount to be determined at trial.

48. As a direct and proximate result of Defendant Zazzle's trademark infringement, Plaintiffs have also suffered, and will in the future suffer, irreparable injury to their business, reputation, and goodwill. Plaintiffs will suffer such irreparable injury unless and until Defendant Zazzle's misconduct is enjoined by this Court.

49. Defendant Zazzle has violated Plaintiffs' rights under 15 U.S.C. § 1114, causing damages to Plaintiffs including but not limited to as described herein.

### COUNT V: FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))
### AS TO DEFENDANT ZAZZLE, INC.

50. Plaintiffs reallege and incorporate by reference all of the above allegations.

51. The Rohns are the owners of two U.S. trademark registrations for their GUPPIE word mark and logo mark.

52. Plaintiffs began using the GUPPIE mark prior to Defendant Zazzle's use or sale of BUBBLE GUPPIES clothing or apparel.

53. Defendants Zazzle's unauthorized use of BUBBLE GUPPIES suggests that Defendant Zazzle and its offerings are connected with, sponsored by, affiliated with, or related to GUPPIE or GUPPIE KIDS, or that GUPPIE or GUPPIE KIDS and Plaintiffs' offerings are connected with, sponsored by, affiliated with, or related to Defendant Zazzle.

54. Defendant Zazzle unauthorized use of Viacom's BUBBLE GUPPIES mark and its related offerings constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

55. The willful and intentional nature of the false designation of origin makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

56. As a direct and proximate result of this false designation of origin, Plaintiffs have suffered damages in an amount to be determined at trial.

57. As a direct and proximate result of Defendant Zazzle's false designation of origin, Plaintiffs have also suffered, and will in the future suffer, irreparable injury to their business, reputation, and goodwill. Plaintiffs will suffer such irreparable injury unless and until Defendant Zazzle's misconduct is enjoined by this Court.

### COUNT VI: UNFAIR COMPETITION
### (M.C.L. 445.903)
### AS TO DEFENDANT ZAZZLE, INC.

58. Plaintiffs reallege and incorporate by reference all of the above allegations.

59. Defendant Zazzle's conduct, including its unauthorized use of its BUBBLE GUPPIES mark and related merchandising, marketing, and other commercial efforts, causes a probability of confusion or misunderstanding as to the source, sponsorship, or approval of goods or services, in violation of the Michigan Consumer Protection Act, Michigan Compiled Laws section 445.903.

60. Defendant Zazzle's conduct is unlawful, unfair, and/or fraudulent.

61. As a result of this unfair competition, Plaintiffs have suffered and will in the future suffer damages in an amount to be determined at trial.

62. As a direct and proximate result of this unfair competition, Plaintiffs have also suffered, and will in the future suffer, irreparable injury to their business, reputation, and goodwill.

      Plaintiffs will suffer such irreparable injury unless and until Defendant Zazzle's misconduct is enjoined by the Court.

63.     Plaintiffs incorporate by this reference their prayer for relief as previously pled, including in their complaint and amended complaint.

Dated: November 6, 2014                          ___ /s/ Thomas H. Blaske ___
                                                               Thomas H. Blaske (P26760)
                                                               John F. Turck IV (P67670)
                                                               BLASKE & BLASKE, P.L.C.
                                                               Attorneys for Plaintiffs
                                                               500 South Main Street
                                                               Ann Arbor, Michigan 48104
                                                               (734) 747-7055
                                                               thb@blaske.com
                                                               jt4@blaske.com