UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBBIE ROHN and DEAN ROHN,

       Plaintiffs,                                  Case No. 1:14-cv-83

v.                                                  HON. JANET T. NEFF

VIACOM INTERNATIONAL, INC. *et al.*,

       Defendants.
_____/

**OPINION**

Pending before the Court in this trademark case is Defendant Goodies for Kiddies' Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) (Dkt 140). Plaintiffs filed a response (Dkt 142), and Defendant Goodies for Kiddies filed a reply (Dkt 143). Having reviewed the parties' written submissions and accompanying exhibits, the Court finds that the relevant facts and arguments are adequately presented in these materials and that oral argument would not aid the decisional process. *See* W.D. Mich. LCivR 7.2(d). For the reasons discussed herein, the Court grants Defendant Goodies for Kiddies' motion.

**I. BACKGROUND**

Plaintiffs Debbie and Dean Rohn, residents of Cadillac, Michigan, allege that they own two registered trademarks for the mark GUPPIE in association with clothing goods: a word mark (Reg. No. 3711588) and a logo mark (Reg. No. 3290738) (collectively the "GUPPIE Marks") (Dkt 83, 2d Amend. Compl. ¶¶ 1, 63-64).

On July 19, 2011, Viacom International, Inc. successfully trademarked BUBBLE GUPPIES as a standard character mark for use in "entertainment services in the nature of a television series

featuring animation, comedy, and drama" and for "providing online information in the field of entertainment concerning television programs" (Reg. No. 3998384) (Dkt 83, 2d. Amend. Compl. ¶¶ 48, 65). The Viacom trademark does not apply to clothing (*id.* ¶ 49). Plaintiffs allege that after the television show "Bubble Guppies" was first aired in January 2011, however, Viacom licensed use of its BUBBLE GUPPIES mark to a variety of retailers, including Kohl's and J.C. Penneys, and these retailers and several on-line stores began to manufacture and sell clothing and related merchandise bearing the BUBBLE GUPPIES and GUPPIE marks (*id.* ¶¶ 51-52, 60).

Defendant Goodies for Kiddies is a sole proprietorship with its principal place of business in South Hackensack, New Jersey (Dkt 83, 2d Amend. Compl. ¶ 9; Def. Br., Dkt 141 at 3). Defendant Goodies for Kiddies describes itself as an online retailer of apparel, art products, toys, games, and accessories (Def. Br., Dkt 141 at 3). Specifically, Defendant Goodie for Kiddies represents that it purchases trademarked items on the market and resells them on the internet (*id.* at 2-3).

Plaintiffs initiated this trademark dispute in January 2014 against Defendants Viacom, MTV Networks, and Nickelodeon, as well as various other third parties, including Defendant Goodies for Kiddies. In their Second Amended Complaint, filed in July 2014, Plaintiffs allege three counts against all Defendants: Trademark Infringement, False Designation of Origin and Unfair Competition (Dkt 83). Defendant Goodies for Kiddies did not file an Answer to the Complaint, instead filing the instant motion to dismiss (Dkt 140), which is ripe for decision.

## II.  DISCUSSION

### A.  Motion Standard

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Goodies for Kiddies moves to dismiss all of Plaintiffs' claims against it for failure to state a claim upon which relief can be granted.  In deciding whether to dismiss a claim under Rule 12(b)(6), a court must accept the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff.  *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  To survive dismissal, the complaint must contain enough facts to establish a "plausible," as opposed to merely a "possible," entitlement to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007)).  A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  Further, "the court need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference."  *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citation and internal quotation marks omitted).

**B.  Analysis**

In Count I, their Trademark Infringement claim, Plaintiffs allege that "Defendants' use of its BUBBLE GUPPIES mark and its other products, including but not limited to clothing, is likely to cause confusion, or to cause mistake, or to deceive" (Dkt 83, 2d Amend. Compl. ¶ 79).  In Count II, their False Designation of Origin claim, Plaintiffs allege that "Defendants' unauthorized use of BUBBLE GUPPIES suggests that Defendants and their offerings are connected with, sponsored by, affiliated with, or related to GUPPIE or GUPPIE KIDS, or that GUPPIE or GUPPIE KIDS and Plaintiffs' offerings are connected with, sponsored by, affiliated with, or related to Defendants" (*id.* ¶ 90).  Last, in Count III, their Unfair Competition claim, Plaintiffs allege that "Defendants' conduct, including its unauthorized use of its BUBBLE GUPPIES mark and related merchandising, marketing, and other commercial efforts, causes a probability of confusion or misunderstanding as to the source, sponsorship, or approval of goods or services, in violation of the Michigan Consumer Protection Act, Michigan Compiled Laws section 445.903" (*id.* ¶ 96).  Plaintiffs do not identify any specific conduct by Defendant Goodies for Kiddies in their Second Amended Complaint.  Indeed, Plaintiffs reference Defendant Goodies for Kiddies only once in their pleading, to state that "[u]pon information and belief, Defendant Goodies for Kiddies is a foreign for-profit entity that conducts business in, among other places, Michigan, including this district" (*id.* ¶ 9).  Defendant Goodies for Kiddies makes two arguments in support of dismissal of the three counts against it, arguments the Court will consider in turn.

*No Trademark Use.*  First, Defendant Goodies for Kiddies argues that it has never made a trademark use of either "Bubble Guppies" or "Guppies" so as to meet the prerequisites of a trademark infringement cause of action (Def. Br., Dkt 141 at 5).  Specifically, Defendant Goodies

4

for Kiddies argues that it has not made a trademark use, or a "use in commerce," of either of the alleged GUPPIES or BUBBLE GUPPIES trademarks where (1) Defendant Goodies for Kiddies purchased all goods bearing the purported BUBBLE GUPPIES mark from retailers K-Mart, Walmart, Target and Sears; and (2) Defendant Goodies for Kiddies has not used, and Plaintiff has failed to plead that it has used, "Guppies," "Bubble Guppies," or any colorable imitation thereof to identify or distinguish Plaintiffs' goods from those manufactured or sold by others (*id.* at 7-8). According to Defendant Goodies for Kiddies, it simply sold goods that it legitimately purchased at retail stores (*id.* at 8).

In response, Plaintiffs assert that "by virtue of their trademark, the Rohns have the unquestionable right to stop stores from selling counterfeit merchandise, even if the owners of that store did not make the merchandise" (Pl. Resp., Dkt 142 at 8). Plaintiffs opine that Defendant does not "get a free pass to sell infringing merchandise merely because some other companies—in this instance Viacom and the several mega-retailers with whom it did business—also infringed the Rohns' trademarks" (*id.*).

In reply, Defendant Goodies for Kiddies argues that it has not attempted to "pass off Bubble Guppies clothing as if it was truly originating from the Rohns;" rather, "it has truthfully sold Bubble Guppies clothing that originated from Viacom International" (Def. Reply, Dkt 143 at 4). Defendant opines that Plaintiffs "inappropriately conflate the sale of goods that are subject to a trademark dispute with those that are truly counterfeit" (*id.*).

The parties agree that to establish a claim for trademark infringement under federal law, a plaintiff must allege facts establishing: (1) that it owns the registered trademark; (2) that the defendant used the mark in commerce; and (3) that the use was likely to cause confusion (Def. Br.,

Dkt 141 at 5; Pl. Resp., Dkt 142 at 6). *See Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). The term "trademark" "includes any word, name, symbol, or device, or any combination thereof—(1) used by a person, or (2) which a person has a bona fide intention to use in commerce and applies to register on the principal register… to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." 15 U.S.C. § 1127. "[A] designation must create 'a separate and distinct commercial impression, which ... performs the trademark function of identifying the source of the merchandise to the customers.'" *ETW Corp. v. Jireh Pub., Inc.*, 332 F.3d 915, 939 (6th Cir. 2003) (quoting *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998)).

A trademark is deemed to be in "use in commerce" when "it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale, and … the goods are sold or transported in commerce …." 15 U.S.C. § 1127. In "alleging infringement of a registered trademark ..., a plaintiff must show that it has actually used the designation at issue *as a trademark*, and that the defendant has also used the same or a similar designation, *as a trademark*." *ETW, supra* (quoting *Rock & Roll*, 134 F.3d at 753) (emphases in *Rock & Roll*). "[T]he use of a trademark in a non-trademark sense, where the trademark is used fairly and accurately as a way to identify an individual working for a company or the nature of the goods or services being offered are not prohibited by the Lanham Act." *Review Directories, Inc. v. McLeodUSA Publ'g Co.*, 236 F. Supp. 2d 810, 812 (W.D. Mich. 2001).

Here, accepting Plaintiffs' factual allegations as true and construing the Second Amended Complaint in the light most favorable to Plaintiffs, the allegations against Defendant Goodies for Kiddies simply fail to state a plausible claim where Defendant Goodies for Kiddies, in purchasing and reselling trademarked goods, did not "use" Plaintiffs' trademark "as a trademark." Trademark infringement requires conduct more culpable than the "mere act of putting a manufacturer's product on one's shelf and offering it for sale." *Matrix Essentials v. Emporium Drug Mart, Inc.*, 988 F.2d 587 (5th Cir. 1993). Therefore, Plaintiffs' claims of trademark infringement, false designation of origin, and unfair competition against Defendant Goodies for Kiddies must be dismissed.

*First Sale.* Defendant Goodies for Kiddies argues that even if Defendant Goodies for Kiddies made a "trademark use" of either "Bubble Guppies" or "Guppies," its actions are protected by the first sale doctrine and cannot, as a matter of law, cause a likelihood of consumer confusion (Def. Br., Dkt 141 at 11). According to Defendant, consumers would not believe that Defendant Goodies for Kiddies was passing off goods bearing "Bubble Guppies" as its own, nor would consumers be led to believe they are purchasing items from Plaintiffs (Def. Br., Dkt 141 at 10).

Plaintiffs argue that "Defendant's reliance on the 'first-sale doctrine' is not legally appropriate because the merchandise sold by Goodies for Kiddies is not legitimate—i.e., it infringes on Plaintiffs' legitimate trademarks" (Pl. Resp., Dkt 142 at 9). Plaintiffs emphasize that "no approved sale had occurred by the time [Defendant Goodies for Kiddies] re-sold the infringing merchandise" (*id.*).

In reply, Defendant Goodies for Kiddies asserts that "[t]he simple fact that the Rohns have filed suit for trademark infringement against Viacom does not render those goods counterfeit or

7

illegitimate, and the Rohns' assertion that the first sale doctrine does not apply because they did not approve the goods in question fails as a matter of law" (Def. Reply, Dkt 143 at 5).

Trademark law has long contained a "first sale" exception that provides a defense to claims of infringement. *See Prestonettes, Inc. v. Coty*, 264 U.S. 359, 368-69 (1924). Under the exception, "resale by the first purchaser of the original trademarked item is generally neither trademark infringement nor unfair competition." *Brilliance Audio, Inc. v. Haights Cross Commc'ns, Inc.*, 474 F.3d 365, 369 (6th Cir. 2007). "[A] purchaser who does no more than stock, display, and resell a producer's product under the producer's trademark violates no right conferred upon the producer by the Lanham Act." *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 766 (6th Cir. 2005) (quoting *Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073, 1076 (9th Cir. 1995) (per curiam)). "Resale by the first purchaser of the original article under the producer's trademark is neither trademark infringement nor unfair competition." *Sebastian*, 53 F.3d at 1074. "One is not subject to liability ... for using another's trademark, trade name, collective mark, or certification mark in marketing genuine goods or services the source, sponsorship, or certification of which is accurately identified by the mark." Restatement (Third) of Unfair Competition § 24 (1995).

Again, accepting Plaintiffs' factual allegations as true and construing the Second Amended Complaint in the light most favorable to Plaintiffs, the allegations against Defendant Goodies for Kiddies simply fail where Defendant Goodies for Kiddies' conduct—the resale of unaltered goods bearing the term "Bubble Guppies" purchased from retail stores—cannot, as a matter of law, cause consumer confusion. "When a retailer merely resells a genuine, unaltered good under the trademark of the producer, the use of the producer's trademark by the reseller will not deceive or confuse the public as to the nature, qualities, and origin of the good." *Tumblebus*, 399 F.3d at 766 (citing

Restatement, *supra*, cmt. b)).  Rather, "the consumer gets exactly what the consumer bargains for, the genuine product of the particular producer."  *Sebastian*, 53 F.3d at 1075.  The first sale doctrine protects Defendant Goodies for Kiddies' actions, and Defendant Goodies for Kiddies is therefore entitled to dismissal of Plaintiffs' claims on this basis as well.

### III.  CONCLUSION

For the foregoing reasons, the Court grants Defendant Goodies for Kiddies' Motion to Dismiss (Dkt 140) and dismisses Plaintiffs' Counts I, II and III against Defendant Goodies for Kiddies only.  An Order consistent with this Opinion will enter.


DATED: July 15, 2015                              /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge